UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MORIEO AUSTIN, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-059 |
| | ) | |
| DR. VLASENKO, | ) | |
| | ) | |
|    Defendant. | ) | |

## ORDER

The Court previously granted *pro se* plaintiff Morieo Austin's request to proceed *in forma pauperis*. *See* doc. 4. He has returned the required forms. *See* docs. 7 & 8. Given that Austin has returned the forms required to proceed *in forma pauperis*, the Court might conduct the screening required by 28 U.S.C. § 1915A. However, before reaching the substance of Austin's Complaint, the Court must address a discrepancy between his financial disclosures, in support of his application to proceed *in forma pauperis*, *see* doc. 2, and the financial information produced by the custodian of his prisoner trust account, doc. 8.

In his application to proceed *in forma pauperis*, Austin disclosed only $58 in his prison trust account and referred to "attached account

1

statements" for the amount of deposits to that account. Doc. 2 at 2. No account statements were attached. *See generally id.* The Court's Order granting him leave to proceed *in forma pauperis* expressly noted the lack of information and warned him that granting leave was provisional "pending return and review of Plaintiff's Prison Trust Account Statement . . . ." Doc. 4 at 2, 2 n.1. That Statement reflects average monthly deposits of $374.84. Doc. 8 at 1. The attached accounting reflects total deposits of $2,249.00. *See* doc. 8-1 at 10. While the Court cannot conclude that Austin misrepresented his finances, it is clear that he does not qualify to proceed *in forma pauperis*.

While it appears that Austin currently lacks sufficient funds to pay the required filing fee, *see* doc. 8-1 at 1 (reflecting $20.84 trust account balance on April 9, 2024), prisoners may not proceed *in forma pauperis* merely because their prison trust account balance is insufficient to pay the filing fee as a result of discretionary spending. As another court has observed, "[i]f every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of judicial time and effort." *Briand v. Florida*, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006). It is not surprising, therefore,

that the overwhelming weight of authority establishes that courts "may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials." *Alexander v. Carson Adult High School*, 9 F.3d 1448, 1449 (9th Cir. 1993); *see also Reyes v. Fishel,* 996 F.3d 420, 425 (7th Cir. 2021) ("When making [the] determination [of poverty] it is well within a court's discretion to consider the accounting of the prisoner's income and spending over the six months prior to filing."); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) ("The district judge was entitled to consider [plaintiff's] own economic choices about how to spend his money, as between his filing fee and comforts purchased in the prison commissary . . ."); *Miller v. Brown*, 2013 WL 1346826, at *2 (S.D. Ga. Feb. 21, 2013) ("[W]hen considering a prisoner's affidavit of indigence, the district court may inquire whether, if a prisoner has no cash credit at the moment of filing, he had disabled himself by a recent drawing on his account and if so, for what purposes." (internal quotation marks and citation omitted)). The substantial deposits to Austin's trust account preclude his proceeding *in forma pauperis*.

The Court's prior Order granting Austin leave to proceed *in forma pauperis* is, therefore, **VACATED**.  Doc. 4.  His application to proceed *in forma pauperis* is **DENIED**.  Doc. 2.  Pursuant to this Court's Local Rules, when an application to proceed *in forma pauperis* is denied, "the plaintiff shall have twenty-one (21) calendar days from the date of service of the order denying the IFP petition to pay the appropriate filing fee.  Failure to make timely payment will result in dismissal of the complaint."  S.D. Ga. L. Civ. R. 4.2(2).  Accordingly, Austin is **DIRECTED** to remit the filing fee by no later than twenty-one calendar days from the date of this Order.  Upon his payment of the fee, the Court will conduct the screening required under 28 U.S.C. § 1915A(a).

**SO ORDERED**, this 29th day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA